DECISION
Plaintiff appeals concerning $106.20 in taxes imposed on two separate purchases of cigarettes. A third purchase for the month of June 2005 ($59 tax) was cancelled by Defendant prior to trial and is no longer at issue.
A trial was held on October 22, 2009. Rosemary A. Nielsen appeared on her own behalf; Rich Cole (Cole) testified as a witness. Joseph A. Laronge, Assistant Attorney General, represented Defendant. Testifying as witnesses were Fred Nichol and Susan Zwemke.
 I. STATEMENT OF FACTS
Plaintiff and Cole are domestic partners. During 2005, 2006, and 2007, they purchased numerous cartons of cigarettes from out of state vendors. Oregon taxes were not paid by the sellers. Defendant made investigations and sent letters to Plaintiff and Cole seeking compliance with their individual Oregon cigarette tax responsibility.
As a result, several assessments for consumer's cigarette taxes were issued. The assessments were made in the name of the person actually soliciting the order. Most of them were to Cole; two of them remain outstanding in Plaintiff's name. Those are for the months of May 2005 ( $47.20) and July 2005 ($59). *Page 2 
The remaining assessments were in Cole's name. In 2008, he entered into a personal payment agreement with Defendant to resolve all of his own individual assessments. He owed $2,132.06 and settled in full for $600. In the agreement dated January 22, 2008, all of Coles's monthly assessments were listed. (Def's Ex D.)
Plaintiff's two assessments were not included in that settlement. Cole claims it was his express intent that Plaintiff's individual debts be included in that earlier resolution.
 II. ANALYSIS
The settlement by Cole cannot cover more than its express written terms. Those terms and conditions do not mention Plaintiff either by assessment date, invoice number, or tax due. Her name is not mentioned, nor are the months at issue — May and July 2005.
ORS 323.060(2) (2007) commands that taxes are due on all cigarettes ordered by Plaintiff. Those obligations have not yet been paid.
Plaintiff has the burden of proof and must establish her case by a "preponderance" of the evidence. See ORS 305.427. A "[p]reponderance of the evidence means the greater weight of evidence, the more convincing evidence." Feves v. Dept. of Revenue, 4 OTR 302, 312 (1971). "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his burden of proof." Reed v. Dept. of Rev., 310 Or 260, 265,798 P2d 235 (1990). Plaintiff in this case has not met that statutory requirement. Accordingly, her appeal must be denied. *Page 3 
 III. CONCLUSION
Now, therefore,
IT IS THE DECISION OF THIS COURT that the appeal is denied.
Dated this ______ day of November 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on November23, 2009. The Court filed and entered this document on November 23, 2009 *Page 1